# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs April 10, 2012

## STATE OF TENNESSEE v. COURTNEY RASHAD FARRELL

**Appeal from the Davidson County Criminal Court**
**No. 2010-C-2557      Steve Dozier, Judge**

---

**No. M2011-00845-CCA-R3-CD - Filed June 13, 2012**

---

The Defendant, Courtney Rashad Farrell, pleaded guilty to possession with intent to sell or deliver 0.5 grams or more of cocaine, a Class B felony. As part of the Defendant's guilty plea, he agreed to a sentence of between ten and twelve years as a Range I standard offender. The plea agreement provided that the trial court would determine the length of sentence within the agreed upon range as well as whether the sentence would run consecutively or concurrently with the Defendant's prior twelve-year sentence. Following a sentencing hearing, the trial court ordered the Defendant to serve eleven years consecutively to his prior sentence. The Defendant appeals, arguing that the trial court imposed an excessive sentence. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Emma Rae Tennent (on appeal) and Julie D'Souza (at hearing), Assistant Public Defenders, Nashville, Tennessee, for the appellant, Courtney Rashad Farrell.

Robert E. Cooper, Jr., Attorney General & Reporter; Meredith Devault, Senior Counsel; Victor S. Johnson, III, District Attorney General; Rachel Sobrero and Wesley King, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### I.  Background Facts & Procedure

On September 20, 2010, the Davidson County Grand Jury indicted the Defendant for

possession with intent to sell or deliver 0.5 grams or more of cocaine (Count 1) and possession with intent to use drug paraphernalia to prepare, test, or analyze a controlled substance (Count 2). See Tenn. Code Ann. §§ 39-17-417; -425. At his arraignment on October 6, 2010, the Defendant pleaded not guilty.

On December 9, 2010, the Defendant pleaded guilty to Count 1 as charged in the indictment, a Class B felony. Count 2 was dismissed. As part of the plea agreement, the Defendant agreed to serve a sentence between ten and twelve years as a Range I standard offender. The plea agreement also provided that the trial court would determine the length of the sentence within the agreed upon range and whether the sentence would run consecutively or concurrently with the Defendant's existing twelve-year sentence. At the plea submission hearing, the State provided the following summary of the factual basis for the Defendant's guilty plea:

> [T]he State's proof would have shown that on February 10, 2010[,] just before midnight, detectives with the Metro Police Department North Crime Suppression Unit executed a search warrant at the home of [the Defendant] . . . . When they made entry into the home, they observed the [D]efendant run from the living room into the bedroom where he dove under the bed.
>
> The officers recovered a clear bag of white rock substance at the foot of the bed and [the Defendant] admitted that he threw down the bag of crack cocaine. He also admitted to detectives at that time that he sold cocaine.
>
> After he was taken into custody, he told officers that he slept on the couch. And in that area where he told officers that he slept, they discovered . . . a digital scale with white rock substance on it which also tested positive for cocaine base. The Tennessee Bureau of Investigation verified that this was a schedule II controlled substance.

The trial court accepted the guilty plea and set a date for sentencing. At the sentencing hearing, the trial court reviewed the presentence report and heard testimony from the Defendant and Metro Police Department Detective Matthew Grindstaff.

The Defendant was twenty-three years old at the time of the sentencing hearing. He lived with his mother and two brothers. He said that he had been raised by his mother but had never met his father. His stepfather died when he was twelve years old. The Defendant's work history included jobs at a restaurant and a retirement center, but he was not working at the time the police searched his home. The Defendant testified that he began

selling drugs when he was seventeen years old in order to make "fast money" to support his family. He conceded that selling drugs had caused him to get into "a whole lot of trouble."

Detective Grindstaff testified that he executed a search warrant on February 10, 2010, at the residence where the Defendant was arrested. According to Detective Grindstaff, when he entered the residence, the Defendant ran from the living room into a bedroom. While doing so, the Defendant disposed of a clear bag containing a white rock substance that field tested positive for cocaine base. At the time, the Defendant initially denied throwing down the bag but soon admitted to Detective Grindstaff that he had disposed of it. At the sentencing hearing, the Defendant acknowledged that officers found a bag of cocaine near him on the ground and that he first told officers that the cocaine was not his but that his brother threw the bag in his lap. He also acknowledged that he later told police that the cocaine was, in fact, his.

According to Detective Grindstaff, the Defendant told him that he had been selling crack cocaine for about a month, that he sold an ounce per week, and that he made approximately $1,300 per week. The Defendant denied making these statements. The Defendant testified that he only sold three or four grams per week. Detective Grindstaff recovered three cell phones from the residence, which he said "constantly rang." When detectives answered the phones, the callers "were asking for crack cocaine." The Defendant said that only one of the cell phones was his, and he denied that it rang.

After the search warrant was executed, the Defendant agreed to cooperate with police detectives. He said that he gave police "some information about some stuff," but he acknowledged that he was unable to set up any big drug deals like he had agreed to do. The Defendant claimed that he stopped cooperating with police after someone fired bullets into his mother's house. His mother was shot in the leg and buttocks during the incident and had to be hospitalized. The Defendant understood the shooting to be a message for him to stop cooperating with police. He said that he was unaware that once he stopped cooperating with police, they would seek an arrest warrant against him.

On cross-examination, Detective Grindstaff acknowledged that the Defendant was forthcoming that he sold crack cocaine for a living. He also acknowledged that the Defendant agreed to cooperate with him. Detective Grindstaff did not believe that the Defendant stopped cooperating because his mother had been shot. Detective Grindstaff believed the shooting involved a gang incident that was unrelated to the Defendant's cooperation with police. Detective Grindstaff said that no arrests were made based upon information that the Defendant provided. He also said that there was no way anyone would have known that the Defendant was cooperating with police unless the Defendant told someone.

The Defendant's juvenile criminal record was provided to the trial court.[1] As an adult, the Defendant's criminal record includes several misdemeanors and three Class C drug felonies. Judgments from the Defendant's three prior drug felonies were entered as exhibits.[2] The Defendant had been serving probation on an effective twelve-year sentence for these felonies when he was arrested for the present offense. Thus, his arrest violated the terms of his probation. The Defendant also admitted having three prior probation violations.

The Defendant conceded at the sentencing hearing that the length of his sentence would be between ten and twelve years as provided in the plea agreement, and he did not present mitigating factors to the court. Rather, the Defendant simply asked the trial court to order his new sentence to run concurrently to his prior twelve-year sentence.

By written order, the trial court found as a mitigating factor that the Defendant's criminal conduct neither caused nor threatened serious bodily injury. See Tenn. Code Ann. § 40-35-113(1). The trial court also applied the following enhancement factors:

Factor 1: The defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range. The Court finds that the defendant has an extensive criminal record including six misdemeanor convictions and three drug-related prior felony convictions. The defendant also admitted to selling an ounce of cocaine a week.

Factor 8: The defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community. The defendant has multiple prior probation violations.

Factor 13: At the time the felony was committed, the defendant was released on probation in other cases.

---

[1] The Defendant's juvenile record is not contained in the appellate record.

[2] In case No. 2006-C-2431, the Defendant pleaded guilty to sale of less than 0.5 grams of cocaine. On December 7, 2006, the court sentenced him to six years at 30% suspended to six years supervised probation. In case No. 2007-A-57, the Defendant pleaded guilty to possession of less than 0.5 grams with intent to sell. He was sentenced on May 10, 2007, to six years at 30% suspended to six years supervised probation. The court ordered the sentence to run consecutively to his six year sentence in No. 2006-C-2431. In case No. 2008-D-3291, the Defendant pleaded guilty to sale of less than 0.5 grams of cocaine. He was sentenced on February 4, 2008, to three years at the workhouse to run concurrently with his six year sentence in Case No. 2006-C-2431.

Factor 16: The defendant was adjudicated to have committed a delinquent act or acts as a juvenile that would constitute a felony if committed by an adult. The defendant has two prior felonies as a juvenile.

See Tenn. Code Ann. § 40-35-114(1), (8), (13), (16).

The trial court next considered the relevant factors for consecutive sentencing. In doing so, the court found that the Defendant had an extensive record of criminal activity, citing his prior convictions for six misdemeanors and three drug-related felonies as well as his admission that he sold an ounce of cocaine per week. See Tenn. Code Ann. § 40-35-115(b)(2). The trial court also found that the Defendant was on probation at the time of the present offense. See id. § 40-35-115(b)(6).

After considering these factors, the trial court sentenced the Defendant to eleven years at 30% to be served consecutively to the Defendant's existing twelve-year sentence. The Defendant has timely appealed this decision. On appeal, the Defendant argues that the trial court erred when it ordered him to serve his present eleven-year sentence consecutively to his prior twelve-year sentence. The Defendant contends that these combined sentences are excessive.

## II. Standard of Review

When a defendant challenges the length, range, or manner of service of a sentence, the applicable standard of review is de novo on the record with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (2006). However, this presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court did not do so, then the presumption fails, and this Court's review is de novo with no presumption of correctness. State v. Pierce, 138 S.W.3d 820, 827 (Tenn. 2004). However, if the trial court considered the statutory criteria, imposed a lawful but not excessive sentence, stated its reasons for the sentence on the record, and its findings are supported by the record, then this Court is bound by the trial court's decision. State v. Carter, 254 S.W.3d 335, 346 (Tenn. 2008). On appeal, the party challenging the sentence has the burden of demonstrating that it is improper. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.; Carter, 254 S.W.3d at 344.

III. Analysis

In this case, the record demonstrates that the trial court carefully considered the sentencing principles and all relevant facts and circumstances. Therefore, in our review of the Defendant's sentence, we will apply a presumption of correctness.

In reviewing a sentence, this Court must consider the following: (a) any evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments of counsel regarding sentencing alternatives; (d) the nature and characteristics of the criminal conduct; (e) any enhancement or mitigating factors as provided in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (f) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; and (g) any statement made by the defendant on his or her own behalf about sentencing. Tenn. Code Ann. § 40-35-210(b) (2006); see also Carter, 254 S.W.3d at 343.

The Defendant argues that the trial court should not have ordered his present sentence to run consecutively to his prior sentence. Tennessee Code Annotated section 40-35-115 provides that a trial court may impose consecutive sentences if it finds by a preponderance of the evidence that one of the following criteria are met: "(2) [t]he defendant is an offender whose record of criminal activity is extensive; [or] (6) [t]he defendant is sentenced for an offense committed while on probation." Tenn. Code Ann. § 40-35-115(b)(2), (6) (2006). In all cases, a sentence must be "justly deserved in relation to the seriousness of the offense" and "no greater than that deserved for the offense committed." Tenn. Code Ann. §§ 40-35-102(1) (Supp. 2007), -103(2) (2006).

We have reviewed the record and conclude that the trial court properly sentenced the Defendant. The Defendant pleaded guilty to possession with intent to sell or deliver 0.5 grams or more of cocaine, a Class B felony. See Tenn. Code Ann. § 39-17-417(a)(4), (c)(1) (2006). He agreed to serve a sentence between ten and twelve years with the length of the sentence to be determined by the trial court. After applying four enhancement factors and one mitigating factor, the court sentenced the Defendant as a Range I offender to eleven years. This sentence represented the middle of the agreed upon range, and, given the enhancement and mitigating factors applied by the court, we conclude that the trial court's findings are supported by the record.[3]

_____

[3] The Defendant argues on appeal that this Court should find as mitigating factors that: (1) the Defendant was motivated by a desire to provide necessities for his family; (2) the Defendant assisted authorities in uncovering offenses committed by other persons; and (3) the Defendant ultimately accepted

(continued...)

The Defendant argues that the trial court erred in ordering consecutive sentencing. In analyzing whether a consecutive sentence was appropriate, the trial court noted that the Defendant met two of the criteria for consecutive sentencing. The trial court found that the Defendant had an extensive criminal record, including six misdemeanor convictions and three prior drug-related felonies as well as being an admitted drug dealer. The court also noted that the Defendant was on probation for his prior drug offenses at the time of the present offense. As discussed above, the court may impose consecutive sentencing if it finds by a preponderance of the evidence that only one of these criteria are met. Both of the trial court's findings regarding consecutive sentencing are supported by the record. Moreover, we also conclude that the sentence delivered by the trial court was justly deserved in relation to the seriousness of the offense and no greater than deserved under the circumstances. Accordingly, the Defendant is entitled to no relief on this issue.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JEFFREY S. BIVINS, JUDGE

---

[3](...continued)
responsibility for the offense. See Tenn. Code Ann. § 40-35-113 (7), (9), (13). However, it does not appear from the appellate record that the Defendant presented these mitigating factors to the trial court. Issues not raised before the trial court are waived on appeal. State v. Turner, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995) ("A party may not raise an issue for the first time in the appellate court.").